IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUKE WARNER,<br><br>  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Criminal No. 14-00688 HG-01<br>Civil No. 18-00054 HG-KJM |

**ORDER DENYING PETITIONER'S MOTION TO RECONSIDER HIS MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR MEDICAL EVALUATION (ECF No. 98)**

**and**

**DENYING PETITIONER'S MOTION TO STAY THE ORDER WAIVING ATTORNEY-CLIENT PRIVILEGE (ECF No. 98)**

**and**

**VACATING AND REENTERING JUDGMENT PURSUANT TO PETITIONER LUKE WARNER'S 28 U.S.C. § 2255 PETITION (ECF NO. 83)**

On February 1, 2018, Petitioner Luke Warner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Petition"). Petitioner challenged his sentence, stating his attorney provided ineffective assistance of counsel by failing to file a notice of appeal.

In the Court's March 28, 2018 Order, the Court asked the Government to decide whether it either (1) sought an evidentiary hearing, or (2) declined to seek an evidentiary hearing and did

1

not oppose Petitioner Warner's Section 2255 Petition on the basis of ineffective assistance of counsel for failure to file an appeal.

On April 6, 2018, the Government indicated it did not seek an evidentiary hearing on Petitioner's claim that his attorneys failed to appeal.

On April 10, 2018, Petitioner filed a Response. Petitioner seeks reconsideration of the Court's orders denying his request for appointment of counsel and request for a medical evaluation. Petitioner also requests a stay of the Court's order finding a waiver of attorney-client privilege based on the ineffective assistance of counsel claim presented in his Section 2255 Petition.

Petitioner's requests for reconsideration and his request for a stay are **DENIED**.

Pursuant to the Ninth Circuit Court of Appeals's decision in United States v. Sandoval-Lopez, 409 F.3d 1193, 1198 (9th Cir. 2005), the Court assumes, without deciding, that Petitioner timely requested an appeal that was not made, and therefore vacates and reenters the Judgment, allowing Petitioner to file a Notice of Appeal, if he so chooses.

Petitioner Warner's Section 2255 Motion (ECF No. 83) is **GRANTED**. The Court's Judgment imposed on March 12, 2015 (ECF No. 31) is **VACATED** and is **REENTERED** as of the date of this Order.

The Sentence and Conditions of the Judgment are unchanged.

**PROCEDURAL HISTORY**

On July 17, 2014, the Government filed an Information, charging Petitioner Luke Warner with one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  (ECF No. 1).

On July 24, 2017, Petitioner Warner waived Indictment (ECF No. 10) and Consented to a Rule 11 Plea in a Felony Case Before a United States Magistrate Judge.  (ECF No. 11).  Petitioner pled guilty to the one count in the Information pursuant to a Memorandum of Plea Agreement.  (ECF Nos. 8, 12).

On August 11, 2014, the District Court issued an ACCEPTANCE OF PLEA OF GUILTY, ADJUDICATION OF GUILT AND NOTICE OF SENTENCING.  (ECF No. 17).

On March 12, 2015, the Court held a sentencing hearing. Petitioner was sentenced to 120 months imprisonment and ten years of supervised release.  (ECF No. 27).  Mittimus was stayed until May 26, 2015.  (Id. at p. 3; Judgment at p. 2, ECF No. 31).

On March 23, 2015, the Magistrate Judge issued an Order To Allow Defendant To Travel. (ECF No. 30).

On April 3, 2015, Judgment was entered.  (ECF No. 31).

On April 16, 2015, the Magistrate Judge issued an Amended

Stipulation and Order Allowing Defendant To Travel. (ECF No. 34).

On April 24, 2015, a Petition For Action and a No Bail Warrant were issued. (ECF Nos. 35, 36).

On May 26, 2015, Petitioner Warner failed to report to the Bureau of Prisons to begin serving his sentence.

Nearly a year later, on April 17, 2016, Petitioner was arrested in the Southern District of Florida pursuant to the No Bail Warrant. (ECF Nos. 39, 47).

On June 14, 2016, an Order To Show Cause Why Pretrial Release Should Not Be Revoked hearing was held. (ECF No. 48). Defendant was found to have violated the terms of pretrial release and to have failed to report on May 26, 2015 to begin serving his sentence of 120 months. Defendant was remanded to the custody of the U.S. Marshal Service. (Id.)

On December 27, 2016 and January 19, 2017, Petitioner filed various Motions although he was represented by counsel. (ECF Nos. 52, 55, 56).

On February 16, 2017, the Magistrate Judge issued a Findings and Recommendation to deny Petitioner's Motions. (ECF No. 60).

On March 7, 2017, the Findings and Recommendation was adopted as the final decision by the District Court. (ECF No. 61).

On March 13, 2017, April 10, 2017, and May 12, 2017,

Petitioner Warner again filed various Motions and documents while he was represented by counsel. The Motions were stricken. (ECF Nos. 62, 63, 64, 66, 71, 72, 73, 77, 78, 79).

On February 1, 2018, Petitioner, no longer represented by counsel, filed a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 83). He also filed a Motion for Medical Evaluation (ECF No. 83-5) and a Supplemental Addendum (ECF No. 89).

Also on February 1, 2018, Petitioner filed an Application to Proceed In Forma Pauperis (ECF No. 84) and a Motion for Appointment of Counsel (ECF No. 85).

On February 7, 2018, the Magistrate Judge issued an ORDER (1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 87).

On March 20, 2018, Petitioner filed MOTION TO REINSTATE DEFENDANT PETITIONER'S JANUARY 20, 2018, MOTION TO APPOINT COUNSEL AND REQUEST FOR LEAVE FOR NEW COUNSEL TO PREPARE A REVIEW AND SUPPLEMENT FOR PETITIONER'S POST CONVICTION REMEDIES, OR MOTION FOR A CERTIFICATE OF APPEALABILITY FOR SAID MOTION WHICH THIS COURT DENIED WITHOUT PREJUDICE ON FEBRUARY 7, 2018, OR THIS AS A NEW SAME SAID MOTION. (ECF No. 90).

On March 28, 2018, the Court issued a Minute Order denying Petitioner's Motion (ECF No. 90) and Motion for Medical

Evaluation (ECF Nos. 83-5, 89). (Minute Order, ECF No. 91).

Also on March 28, 2018, the Court issued an ORDER DIRECTING THE GOVERNMENT TO INFORM THE COURT BY MONDAY, APRIL 30, 2018, IF IT SEEKS AN EVIDENTIARY HEARING OR ELECTS NOT TO OPPOSE PETITIONER LUKE WARNER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255. (ECF No. 92).

On March 29, 2018, the Government filed a Request for Order Finding Attorney-Client Privilege Waiver as to Former Attorneys Marcus B. Sierra, Birney B. Bervar, and Myles S. Breiner. (ECF No. 93).

On the same date, the Court issued an ORDER FINDING ATTORNEY-CLIENT PRIVILEGE WAIVER AS TO FORMER ATTORNEYS MARCUS B. SIERRA, BIRNEY B. BERVAR AND MYLES S. BREINER. (ECF No. 94).

On April 6, 2018, the Government filed UNITED STATES' POSITION ON DEFENDANT'S CLAIM IN HIS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 THAT HIS ATTORNEYS FAILED TO APPEAL. (ECF No. 97).

On April 10, 2018, Petitioner filed PETITIONER'S RESPONSE, CLARIFICATION, INTENT FOR § 2255, COURT'S ECF 91 & 92, GOVERNMENT'S ECF 93, RE-MOTION APPOINT COUNSEL AND MEDICAL EVALUATION, HEARING, AFFIDAVIT. (ECF No. 98).

**ANALYSIS**

I. **Petitioner's Motion For Reconsideration (ECF No. 98) Is Denied**

Petitioner's April 10, 2018 filing requests the Court to reconsider its decisions denying his Motion to Appoint Counsel and his Motion for Medical Evaluation.

Pursuant to District of Hawaii Local Rule 60.1, motions for reconsideration of interlocutory orders may be brought only upon the following grounds:

(1) discovery of new material facts not previously available;

(2) intervening change in law; or,

(3) manifest error of law or fact.

Local Rules of Practice for the United States District Court for the District of Hawaii 60.1

Here, Petitioner has not set forth any basis to reconsider the Court's rulings denying Plaintiff's Motion to Appoint Counsel and his Motion for Medical Evaluation. Plaintiff has not provided any new, previously unavailable evidence and he has not cited an intervening change in law.

There is no manifest error of law or fact present in denying Petitioner's requests for appointment of counsel and for a Court-ordered medical evaluation. The right to counsel guaranteed by the Sixth Amendment to the United States Constitution does not apply in federal prisoners' habeas corpus actions. McCleskey v.

Zant, 499 U.S. 467, 495 (1991). Plaintiff is not entitled to a Court-ordered and Court-paid medical evaluation in order to support his Section 2255 Petition. Plaintiff has not demonstrated that such assistance is necessary in order for Petitioner to proceed.

Plaintiff's Motion for Reconsideration (ECF No. 98) is **DENIED**.

**II. Petitioner's Motion To Stay The Order Waiving Attorney-Client Privilege (ECF No. 98) Is Denied**

Petitioner also requests the Court stay the Order granting the Government's request for a finding of attorney-client privilege waiver.

The Ninth Circuit Court of Appeals held in Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."

Petitioner waived the attorney-client privilege that might otherwise apply to the communications he made with his attorneys as to the issues raised in his Section 2255 Petition.

Petitioner's Motion to Stay the Order Waiving Attorney-Client Privilege (ECF No. 98) is **DENIED**.

**III. Petitioner's Section 2255 Petition (ECF No. 83) Is Granted**

On February 1, 2018, Petitioner Luke Warner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner challenged his sentence, stating his attorneys provided ineffective assistance of counsel by failing to file a notice of appeal.

The Government elected not to pursue an evidentiary hearing on the issue of whether Petitioner's former attorneys failed to file a notice of appeal.

Pursuant to the Ninth Circuit Court of Appeals's decision in <u>United States v. Sandoval-Lopez</u>, 409 F.3d 1193, 1198 (9th Cir. 2005), the Court assumes, without deciding, that Petitioner requested an appeal that was not made, and therefore vacates and reenters the Judgment, allowing Petitioner to file a Notice of Appeal if he so chooses.

## CONCLUSION

Petitioner's Motion for Reconsideration and Motion to Stay Order Waiving Attorney-Client Privilege (ECF No. 98) is **DENIED.**

Petitioner Warner's Section 2255 Petition (ECF No. 83) is **GRANTED.** The Court's Judgment imposed on March 12, 2015 (ECF No. 31) is **VACATED** and is **REENTERED.** The Sentence and Conditions of the Judgment are unchanged. For the purposes of Fed. R. App. P. 4(b)(1)(A), the Judgment shall be deemed to be reentered as of

the date this Order is filed.

The Clerk of Court shall enter Judgment accordingly and terminate Civil No. 18-00054 HG-KJM.

IT IS SO ORDERED.

DATED: April 18, 2018, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Luke Warner v. United States of America; Cr. No. 14-00688 HG-01; Civ. No. 18-00054 HG-KJM; **ORDER DENYING PETITIONER'S MOTION TO RECONSIDER HIS MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR MEDICAL EVALUATION (ECF No. 98) and DENYING PETITIONER'S MOTION TO STAY THE ORDER WAIVING ATTORNEY-CLIENT PRIVILEGE (ECF No. 98) and VACATING AND REENTERING JUDGMENT PURSUANT TO PETITIONER LUKE WARNER'S 28 U.S.C. § 2255 PETITION (ECF NO. 83)**